IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | |
| | ) | 10 C 600 |
| Plaintiff, | ) ) | Judge Charles P. Kocoras |
| v. | ) ) | |
| STELLAR RECOVERY, INC, | ) ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION
FOR AN EXTENSION OF TIME**

NOW COMES, Plaintiff Loidy Tang ("Plaintiff"), by and through her counsel, responds to Defendant Stellar Recovery, Inc.'s ("Defendant") mischaracterization of Plaintiff's counsel's position stated in paragraph six of its motion. Plaintiff has been willing to provide Defendant with a 21-day extension of time provided it confirmed that it has tendered Plaintiff's claim to its insurance carrier, despite informing Plaintiff's counsel that it was not going to do so, and make assurances that its counsel agrees to conduct a timely Rule 26(f) conference.

In response Plaintiff states.

1. On January 31, 2011, attorney Anna M. Wenzel, of Berman & Rabin, P.A., located in Overland Park, Kansas, spoke with Plaintiff's counsel Curtis C. Warner and informed him that Defendant Stellar Recovery, Inc., was not going to tender this lawsuit to its insurance carrier.

2. On February 16, 2011, Corinne C. Heggie of Hinshaw & Culbertson, LLP, e-mailed Plaintiff's counsel requesting a 21-day extension of time.

3. Plaintiff's counsel in a responsive e-mail stated, "If you can provide me documentation that this claim has been submitted to Defendant's insurance carrier, we will agree not to oppose the requested extension of time to March 11, 2011."

4. Plaintiff's counsel's also responded stating, "We would also like to schedule a Fed.R.Civ.P. 26(f) conference. I propose we do the conference in-person at our offices on the afternoon of March 3, at 2:30pm * * * Please indicate as to whether you are available on that date and time, and if not, please suggest reasonable alternatives."

5. Defendant's counsel did not respond to Plaintiff's requests.

6. Plaintiff is concerned that the class' claims will be prejudiced without Defendant submitting this claim to its insurance carrier.

WHEREFORE, so long as Defendant provides assurances that its insurance carrier has been given notice of this lawsuit or provides this information to Plaintiff's counsel to send such notice and agrees to conduct a Rule 26(f) conference in a timely manner to comport with this Court's standing Order, Plaintiff has no objection to Defendant's request for an extension of time.

    Respectfully submitted,

    s/ Curtis C. Warner
      Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)